IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TAMI LEE POOLE                                             PLAINTIFF

VS.                         CASE NO. 04-CV-1089

SOUTHERN ARKANSAS UNIVERSITY
TECHNICAL COLLEGE and WALTER CLAY         DEFENDANTS

## **ORDER**

Before the Court is a Motion for Jury Trial filed on behalf of the Plaintiff, Tami Lee Poole. (Doc. No. 6). Defendants have responded. (Doc. No. 7). The matter is ripe for consideration.

On August 13, 2004, Plaintiff filed this action against the Defendants alleging violations under Title VII of the Civil Rights Act of 1964 as amended and set forth in 42 U.S.C. §2000e, *et seq.,* and the Arkansas Civil Rights Act. Plaintiff did not request a jury trial in her Complaint. Defendants filed their Answer on September 7, 2004. The Court sent out its Initial Scheduling Order on October 19, 2004. In this Order, the Court set the week of November 7, 2005 for a non-jury trial of this matter. On December 14, 2005, the parties filed their joint Rule 26(f) Report with the Court. Plaintiff did not list any objections to the non-jury trial date at that time or request a jury trial. Thereafter, the Court issued its Final Scheduling Order on January 11, 2005 setting this matter for non-jury trial the week of November 7, 2005. On June 30, 2005, some five and a half months later, Plaintiff filed the pending motion requesting that this matter be tried to a jury. No reason was given for Plaintiff's belated request. On July 12, 2005, the Defendants

responded objecting to the Court granting the Plaintiff a trial by jury.

The Federal Rules of Civil Procedure preserve a civil litigant's constitutional or statutory right to trial by jury. *See* Fed.R.Civ.P. 38(a). The Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, also grants certain Title VII claimants the right to trial by jury. *See* 42 U.S.C. §1982a(c). In order to exercise this right a claimant must make "a demand therefor in writing at any time after the commencement of the action and not later that 10 days after the service of the last pleading directed at such issue." Fed.R.Civ.P. 38(b). Failure to make a timely jury demand results in a waiver of that right. Fed.R.Civ.P. 38(d). The Eighth Circuit rigidly applies this rule, and will find a complete waiver where a jury demand has not been timely made, whether the failure was "inadvertent, unintended and regardless of the explanation or excuse." *Scharnhorst v. Independent School District No. 710,* 686 F.2d 637, 641 (8th Cir. 1982), *cert. denied,* 462 U.S. 1109, 103 S.Ct. 2459, 77 L.Ed.2d 1337 (1983).

In this case, the Plaintiff did not make a jury demand in her Complaint or raise the issue after the Court's Initial or Final Scheduling Orders setting the matter for a non-jury trial or list any objections in the parties' joint Rule 26(f) Report. By failing to make a timely jury demand, the Plaintiff has waived her right to a jury trial.

However, a party may seek relief from such a waiver pursuant to Rule 39(b). This rule states that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed.R.Civ.P. 39(b). In her motion for a jury trial, Plaintiff asks for relief pursuant to this provision but does not assert any reason for her delay. She simply asks the Court in its discretion to grant her a jury trial. Defendants argue that the Court should deny

Plaintiff's request for a jury trial because her request is untimely, she has failed to justify the delay and there are no compelling reasons to grant her untimely request.

## DISCUSSION

The language of Rule 39(b) places no limits on the Court's discretion in granting or denying a motion brought under this provision. Some courts take a restrictive view of the circumstances justifying relief under Rule 39(b), while others find the discretion granted to be very broad. *See Lewis v. Time, Inc.,* 710 F.2d 549 (9th Cir. 1983)(finding discretion granted district court by Rule 39(b) to be narrow and not permitting the grant of motion where waiver occurred due to oversight or inadvertence); *General Tire & Rubber Co. v. Watkins,* 331 F.2d 192 (4th Cir. 1964)(suggesting that exceptional circumstances may be required for district court to exercise its discretion to grant a Rule 39(b) motion), *cert. denied,* 371 U.S. 952 (1964); *cf. Rowlett v. Anheuser-Bush, Inc.,* 832 F.2d 194 (1st Cir. 1987)(adopting view that discretion afforded district court to either grant or deny Rule 39(b) motion to be very broad); *Kitchen v. Chippewa Valley Schs.,* 825 F.2d 1004 (6th Cir. 1987)(finding under broad discretion granted district courts by Rule 39(b), untimely request for jury trial should not be denied absent strong and compelling reasons); *AMF Tuboscope, Inc. v. Cunningham,* 352 F.2d 150 (10th Cir. 1965)(holding that absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial); *Swofford v. B & W, Inc.,* 336 F.2d 406 (5th Cir. 1964)(finding Rule 39(b) motion should be granted in the absence of strong and compelling reasons to the contrary), *cert. denied* 379 U.S. 962 (1965).

It appears that the Eighth Circuit has taken the view that the discretion granted to a district court in granting or denying a Rule 39(b) motion is very broad. It has indicated that

district courts "ought to approach each application under Rule 39(b) with an open mind," based on the circuit's viewpoint that "jury trials ought to be liberally granted when no prejudice results." *Littlefield v. Fort Dodge Messenger,* 614 F.2d 581, 585 (8th Cir. 1980)(citations omitted) *cert. denied* 445 U.S. 945 (1980). Therefore, when examining an untimely jury demand the Court should look at the totality of the circumstances in deciding whether to grant a jury trial. *New Creation v. Continuous Curve Contact Lenses,* 100 F.R.D. 75, 77 (W.D.Ark. 1983). In doing so, the Court should consider such factors as whether the issues to be tried are jury issues, whether granting the motion would result in a disruption of the court's schedule or that of the adverse party, the degree of prejudice to the adverse party, the length of the delay in having requested a jury trial and the reason for the movant's tardiness in requesting a jury trial. *See Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.,* 143 F.R.D. 206, 212 & n.5 (S.D.Iowa 1992) (adopting the five factor analytical approach used in *Daniel Int'l. Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 and *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir. 1983) *cert. denied,* 464 U.S. 936 (1983).

Applying the above considerations to this case weighs in favor of granting Plaintiff a jury trial, although the Court does not suggest that it condones a party's failure to make a jury demand as required by Rule 38(b). First, and most importantly, this is a Title VII case and the fact intensive nature of these cases make them appropriately triable by a jury. Second, the granting of this motion will not disrupt the Court's docket. It can be tried on the original trial date regardless of whether or not it is a jury trial. Third, the Defendants claim prejudice by not having adequate time to complete additional discovery and prepare additional resources necessary for a jury trial. However, any prejudice to the Defendants can be eliminated by the Court granting a continuance

of the trial as suggested by the Defendants. The length of the delay and the lack of an excuse for the delay are troublesome to the Court, however, the Court believes that a parties' right to a jury trial is paramount and should be granted whenever possible. Therefore, the Court believes that the circumstances of this case warrant the exercise of its discretion under Rule 39(b) to grant Plaintiff a jury trial on her Title VII claim.

Based upon the foregoing discussion, the Court finds that the Plaintiff's Motion for Jury Trial should be and hereby is **granted.** This matter will be rescheduled as a jury trial. If the Defendants need this case to be continued so they will have time to take additional depositions and discover evidence to present to the jury, the Court will grant such a motion when filed.

IT IS SO ORDERED, this 22nd day of August, 2005.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge